COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-370-CV
 
  
UNITED 
PHARMACARE
SERVICES, 
L.P.                                                                     APPELLANT
  
V.
  
DATA-TECH, 
INC.,
H&D 
CAPITAL, L.P., AND
RX 
CAPITAL, INC.                                                                  APPELLEES
 
  
------------
 
FROM 
THE 141ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
  
NO. 2-05-018-CV
 
 
IN 
RE UNITED PHARMACARE
SERVICES, 
L.P.                                                                         RELATOR
 
  
------------

ORIGINAL 
PROCEEDING

------------

MEMORANDUM OPINION[1]
 
        This 
consolidated interlocutory appeal and original proceeding involve the propriety 
of the trial court’s order denying arbitration of all claims of appellees and 
real parties in interest Data-Tech, Inc., H&D Capital, L.P., and RX Capital, 
Inc. (collectively, Seller) against United PharmaCare Services, L.P. 
(Buyer).  Seller’s claims arise out of post-closing obligations under an 
asset purchase agreement to which Buyer and Data-Tech[2] 
are parties.  The agreement contains an arbitration provision relating to 
some of these post-closing obligations.
        Buyer 
states in its combined appellant’s brief and petition for writ of mandamus 
that “[i]t appears that the FAA [Federal Arbitration Act] applies here,” and 
Seller does not dispute it.   The FAA governs a contract evidencing a 
transaction involving interstate commerce if the contract contains a written 
arbitration provision.   9 U.S.C.A. § 2 (West 1999); In re Scott, 
100 S.W.3d 575, 579 (Tex. App.—Fort Worth 2003, orig. proceeding).   
Although Buyer and the companies that comprise Seller are Texas companies, 
Buyer’s principal place of business is in Rhode Island, and it is a 
wholly-owned subsidiary of CVS Pharmacy, which has retail pharmacy chains 
nationwide.  The contracts sold to Buyer cover multiple states.  We 
conclude that the transaction here involves interstate commerce; therefore, the 
FAA is applicable to this arbitration dispute.
        Texas 
law does not permit an interlocutory appeal of an order denying arbitration 
under the FAA. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 
1992) (orig. proceeding).  Therefore, mandamus is the appropriate method of 
enforcement.  Id.  Accordingly, we dismiss Buyer’s 
interlocutory appeal for want of jurisdiction.
        We 
have also considered Buyer’s petition for writ of mandamus and are of the 
opinion that relief should be denied.  Accordingly, Buyer’s petition for 
writ of mandamus is denied.
  
   
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
   
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.
 
DELIVERED: 
July 7, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
H&D Capital, L.P. and RX Capital, Inc. are successors to United Provider 
Services, Inc., which was also was a party to the agreement.